WILLIAM H. PRICE et al., executors, complainants,

*v.*

THE UNITED HEBREW CHARITIES et al., defendants.

[Decided July 7th, 1925.]

**Trusts—Trustee Named is Foreign Corporation—Executors Ask For Instructions Whether Fund Shall be Paid Over Without Security—No Bond Required by Statute, But Court May, in Its Discretion, Require Security—Trustee is Corporation of Highest Standing, and Under All Circumstances Bond Will Not be Required, But Trustee Shall File Irrevocable Power of Attorney to Secretary of State to Accept Service in Any Proceeding Involving the Trust.**

On final hearing.

*Mr. George J. Plechner*, for the complainants.

*Mr. Maximilian T. Rosenberg,* for the defendant United Hebrew Charities.

*Mr. Theodore Backes,* assistant attorney-general.

BUCHANAN, V. C.

By the will of Amelia Marks, deceased (a resident of New Brunswick, New Jersey), it is provided as follows:

"Seventh. At the end of the period of ten (10) years. above mentioned, I give, devise and bequeath the principal sum of my said estate, then in the hands of my executors, with any or all accumulations of interest thereon, to the United Hebrew Charities. a corporation, who present address is number 356 Second avenue, New York City, in trust, to keep the same safely invested. and to use the interest and income thereof, for the support and maintenance of the Jewish poor people of the city of New Brunswick, New Jersey."

The ten-year period has elapsed, the executors are ready to pay over the fund, but because the named trustee is a New York corporation, very properly have sought directions from this court to determine whether this should be done

without security being given by the non-resident trustee. Since the trust is a charitable trust for the benefit of the public, or a portion of the public, the attorney-general has been made a party defendant. The non-resident trustee by its answer declines to accept the trust, if required to give bond; its reason is that it thinks the trust funds should not be diminished to the beneficiaries by the annual premium on the bond.

It is conceded that there is no obligatory requirement of law that bond should be given. The provisions of the Orphans Court act, section 51, apply only to non-resident *executors* (where the testator has not absolved such from the duty of giving security). It is also conceded, on the other hand, that this court may, in its discretion, require the giving of such security. *Cf. In re Satterthwaite, 47 Atl. Rep. 227* (which was the case of a private trust). No case has been discovered where security has been required by the court in such a case.

It appears, and is admitted, that the named trustee is a corporation of the highest standing, with a long record of efficient administration of charities in its particular denomination, involving many years and very great sums annually. All parties are desirous that it should act in the present instance. The attorney-general recommends that security be not required.

The testatrix obviously knew that the corporation was a non-resident, but imposed no testamentary requirement for security. Presumably, she knew that there was no statutory requirement.

Under all the circumstances the trustee will not be required to furnish security. It will, however, be required to execute an irrevocable power of attorney to the secretary of state of this state, authorizing him to accept for it service of all process issued out of the courts of this state in cases or proceedings involving this trust and the administration thereof, in order that the courts of this state may maintain jurisdiction over the same for the benefit of the beneficiaries who are residents of this state.